ROBERT S. GIANELLI #82116
JOSHUA S. DAVIS #193187
ALEXANDRA H. GIANELLI #324246
GIANELLI & MORRIS, A Law Corporation
550 South Hope Street, Suite 1645
Los Angeles, CA 90071
Tel: (213) 489-1600; Fax: (213) 489-1611
rob.gianelli@gmlawyers.com
joshua.davis@gmlawyers.com
alex.gianelli@gmlawyers.com

Attorneys for Plaintiff
JOANN CARBONE


MICHAEL J. DUVALL (SBN 276994)
DENTONS US LLP
601 S. Figueroa Street, Suite 2500
Los Angeles, California 90017
Tel: (213) 623-9300 / Fax: (213) 623-9924
michael.duvall@dentons.com

SANDRA D. HAUSER (admitted *pro hac vice*)
DENTONS US LLP
1221 Avenue of the Americas
New York, New York 10020
Tel: (212) 768-6700 / Fax: (212) 768-6800
sandra.hauser@dentons.com

Attorneys for Defendants
METROPOLITAN LIFE INSURANCE COMPANY and
METROPOLITAN TOWER LIFE INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOANN CARBONE<br><br>Plaintiff,<br><br>v.<br><br>METROPOLITAN LIFE INSURANCE COMPANY, METROPOLITAN TOWER LIFE INSURANCE COMPANY<br><br>Defendants. | Case No.  2:23-CV-05948-AB-E<br><br>Hon. Charles F. Eick<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Complaint Filed: July 21, 2023 |

1    Subject to the approval of this Court, Plaintiff Joann Carbone and Defendants

2  Metropolitan Life Insurance Company and Metropolitan Tower Life Insurance

3  Company (collectively, the "Parties"), by and through their respective counsel of

4  record, hereby stipulate to the following protective order:

5  1.    INTRODUCTION

6         1.1    PURPOSES AND LIMITATIONS

7    Discovery in this Action is likely to involve production of confidential,

8  proprietary, or private information for which special protection from public

9  disclosure and from use for any purpose other than prosecuting this litigation may

10 be warranted.  Accordingly, the Parties hereby stipulate to and petition the Court to

11 enter the following Stipulated Protective Order.  The Parties acknowledge that this

12 Order does not confer blanket protections on all disclosures or responses to

13 discovery and that the protection it affords from public disclosure and use extends

14 only to the limited information that are entitled to confidential treatment under the

15 applicable legal principles.  The Parties further acknowledge, as set forth in Section

16 12.3, below, that this Stipulated Protective Order does not entitle them to file

17 confidential information under seal; Civil Local Rule 79-5 sets forth the procedures

18 that must be followed and the standards that will be applied when a Party seeks

19 permission from the court to file material under seal.

20        1.2    GOOD CAUSE STATEMENT

21    The Parties acknowledge that information produced in discovery, regardless

22 of its designation under this Order, may contain personal and health information

23 subject to the protections of, inter alia, the Health Insurance Portability and

24 Accountability Act of 1996, the applicable requirements of the Standards for

25 Privacy of Individually Identifiable Health Information and its implementing

26 regulations issued by the U.S. Department of Health and Human Services (45 C.F.R.

27 Parts 160-64; HIPAA Privacy Regulations), and California Civil Code §§ 56 et seq.,

28

1  and 1798.82 et seq., which protect the confidentiality of individually-identifiable

2  personal and health information.  Discovery may also involve trade secrets,

3  customer and pricing lists, and other valuable research, development, commercial,

4  financial, technical, and/or proprietary information for which special protection

5  from public disclosure and from use for any purpose other than prosecution of this

6  action is warranted.

7        Accordingly, to expedite the flow of information, to facilitate the prompt

8  resolution of disputes over the confidentiality of discovery materials, to adequately

9  protect information the Parties are entitled or required to keep confidential, to ensure

10 that the Parties are permitted reasonably necessary uses of such material in

11 preparation for and in the conduct of trial, to address their handling at the end of the

12 litigation, and to serve the ends of justice, a protective order for such information is

13 justified in this matter.  It is the intent of the Parties that information will not be

14 designated as confidential for tactical reasons and that nothing be so designated

15 without a good faith belief that it has been maintained in a confidential, non-public

16 manner, and there is good cause why it should not be part of the public record of this

17 case.

18 2.    DEFINITIONS

19       2.1    Action: *Joann Carbone v. Metropolitan Life Insurance Company,*

20 *Metropolitan Tower Life Insurance Company*, Case No. 2:23-CV-05948-AB-E

21 (C.D. Cal.).

22       2.2    Challenging Party:  a Party or Non-Party that challenges the

23 designation of Confidential or Highly Confidential Information under this Order.

24       2.3    "CONFIDENTIAL" Information:  information (regardless of how it is

25 generated, stored, or maintained) or tangible things that qualify for protection under

26 Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause

27 Statement.

28

1       2.4   "HIGHLY CONFIDENTIAL" Information:  "Confidential"

2 Information that is highly sensitive personally-identifying information or highly

3 sensitive and proprietary business information of the Designating Party, including,

4 without limitation, strategic planning information, negotiation strategies, proprietary

5 software or systems, proprietary edits or customizations to software, pricing

6 information, non-public product design or testing information, or extremely

7 sensitive, highly confidential, non-public information consisting either of trade

8 secrets or proprietary or other highly confidential business, financial, regulatory, or

9 strategic information, the disclosure of which would create a substantial risk of

10 competitive or business injury to the Designating Party.

11       2.5   Counsel:  Outside Counsel of Record and House Counsel (as well as

12 their respective support staff).

13       2.6   Designating Party:  a Party or Non-Party that produces Disclosure or

14 Discovery Material in this Action and designates it "CONFIDENTIAL" or

15 "HIGHLY CONFIDENTIAL."

16       2.7   Disclosure or Discovery Material:  all information, regardless of the

17 medium or manner in which it is generated, stored, or maintained (including, among

18 other things, answers to interrogatories, responses to requests for admission,

19 testimony, transcripts, and tangible things), that are produced or generated in

20 disclosures or responses to discovery in this Action.

21       2.8   Expert:  a person with specialized knowledge or experience in a matter

22 pertinent to the litigation who has been retained by a Party or its Counsel to serve as

23 an expert witness or as a consultant in this Action.

24       2.9   House Counsel:  attorneys who are employees of a Party to this Action,

25 as well as their support staff.  House Counsel does not include Outside Counsel of

26 Record or any other outside counsel.

27

28

2.10 <u>Non-Party:</u>  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11 <u>Outside Counsel of Record:</u>  attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party, and includes support staff.

2.12 <u>Party:</u>  any Party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staff).

2.13 <u>Producing Party:</u>  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.14 <u>Professional Vendors:</u>  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15 <u>Protected Material:</u>  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

2.16 <u>Receiving Party:</u>  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.   <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material, but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial will be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

4.    <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

If this case proceeds to trial, Protected Material under this Order that was introduced or used as a trial exhibit may become available to the public unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance.  *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180-81 (9th Cir. 2006) (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record).  Nothing in this paragraph shall limit or waive the Parties' respective rights to request the sealing of Protected Material—including for trial purposes.

5.    <u>DESIGNATING PROTECTED MATERIAL</u>

5.1    <u>Exercise of Restraint and Care in Designating Material for Protection.</u> Each Party or Non-Party that designates information for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications

1  for which protection is not warranted are not swept unjustifiably within the ambit of

2  this Order.

3       Mass, indiscriminate, or routinized designations are prohibited.  Designations

4  that are shown to be clearly unjustified or that have been made for an improper

5  purpose (e.g., to unnecessarily encumber the case development process or to impose

6  unnecessary expenses and burdens on other parties) may expose the Designating

7  Party to sanctions.

8       If it comes to a Designating Party's attention that information that it

9  designated for protection do not qualify for protection, that Designating Party must

10  promptly notify all other Parties that it is withdrawing the inapplicable designation.

11       5.2   <u>Manner and Timing of Designations</u>.  Except as otherwise provided in

12  this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise

13  stipulated or ordered, Disclosure or Discovery Material that qualifies for protection

14  under this Order must be clearly so designated before the material is disclosed or

15  produced.

16       Designation in conformity with this Order requires:

17       (a)  for information in documentary form (e.g., paper or electronic documents,

18  but excluding transcripts of depositions or other pretrial or trial proceedings, which

19  are addressed in section 5.2(b) below), that the Producing Party affix at a minimum,

20  the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" (hereinafter

21  "CONFIDENTIALITY legend"), to each page that contains protected material.  If

22  only a portion or portions of the material on a page qualifies for protection, the

23  Producing Party also must clearly identify the protected portion(s) (e.g., by making

24  appropriate markings in the margins).

25       A Party or Non-Party that makes original documents available for inspection

26  need not designate them for protection until after the inspecting Party has indicated

27  which documents it would like copied and produced.  During the inspection and

28

1    before the designation, all of the material made available for inspection will be

2    deemed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."  After the inspecting

3    Party has identified the documents it wants copied and produced, the Producing

4    Party must determine which documents, or portions thereof, qualify for protection

5    under this Order.  Then, before producing the specified documents, the Producing

6    Party must affix the "CONFIDENTIALITY legend" to each page that contains

7    Protected Material.  If only a portion or portions of the material on a page qualifies

8    for protection, the Producing Party also must clearly identify the protected portion(s)

9    (e.g., by making appropriate markings in the margins).

10        (b)  for testimony given in depositions or in other pretrial or trial proceedings,

11   that the Designating Party identify any Protected Material either: (i) on the record

12   before the close of the deposition, hearing, or other proceeding; or (ii) no later than

13   thirty (30) days of receiving the official transcript and associated exhibits (if any)

14   from the court reporter.  Unless otherwise agreed to among the relevant Parties

15   and/or Non-Parties, the transcript and any associated exhibits shall be treated as

16   Protected Material until the thirty (30) day period described in this paragraph has

17   passed.

18        (c)  for information produced in some form other than documentary and for

19   any other tangible items, that the Producing Party affix in a prominent place on the

20   exterior of the container or containers in which the information is stored the legend

21   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."  If only a portion or portions

22   of the information warrants protection, the Producing Party, to the extent

23   practicable, will identify the protected portion(s).

24        5.3   <u>Inadvertent Failures to Designate.</u>  A failure to designate any

25   Disclosure or Discovery Material as "CONFIDENTIAL" or "HIGHLY

26   CONFIDENTIAL" does not waive the Designating Party's right to secure protection

27   under this Order for such material.  Upon written notice and correction of a

28

1   designation, the Receiving Party must make reasonable efforts to assure that the

2   material is treated in accordance with the provisions of this Order.  If any Receiving

3   Party disclosed the material before receiving the written notice and correction of

4   designation, that Receiving Party must notify the Designating Party in writing of

5   each such disclosure.

6   6.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

7        6.1    <u>Timing of Challenges.</u>  Any Party or Non-Party may challenge a

8   designation of confidentiality at any time.  Unless a prompt challenge to a

9   Designating Party's confidentiality designation is necessary to avoid foreseeable,

10  substantial unfairness, unnecessary economic burdens, or a significant disruption or

11  delay of the litigation, a Party does not waive its right to challenge a confidentiality

12  designation by electing not to mount a challenge promptly after the original

13  designation is disclosed.

14       6.2    <u>Meet and Confer.</u>  The Challenging Party will initiate the dispute

15  resolution process (and, if necessary, file a discovery motion) under Local Rule 37.1

16  et seq.

17       6.3    The burden of persuasion in any such challenge proceeding will be on

18  the Designating Party.  Frivolous challenges, and those made for an improper

19  purpose (e.g., to harass or impose unnecessary expenses and burdens on other

20  parties) may expose the Challenging Party to sanctions.  Unless the Designating

21  Party has waived or withdrawn the confidentiality designation, all Parties will

22  continue to afford the material in question the level of protection to which it is

23  entitled under the Producing Party's designation until the Court rules on the

24  challenge.

25  7.    <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

26       7.1    <u>Basic Principles.</u>  A Receiving Party may use Protected Material from a

27  Producing Party only for prosecuting, defending, or attempting to settle this Action.

28

1    Such Protected Material may be disclosed only to the categories of persons and

2    under the conditions described in this Order.  When the litigation has been

3    terminated, a Receiving Party must comply with the provisions of section 13 below

4    (FINAL DISPOSITION).

5        Protected Material must be stored and maintained by a Receiving Party at a

6    location and in a secure manner that ensures that access is limited to the persons

7    authorized under this Order.

8        7.2    Disclosure of "CONFIDENTIAL" Information.  Unless otherwise

9    ordered by the Court or permitted in writing by the Designating Party, a Receiving

10   Party may disclose any information designated "CONFIDENTIAL" only to:

11       (a)  the Receiving Party's Outside Counsel of Record in this Action, as

12   well as employees of said Outside Counsel of Record to whom it is reasonably

13   necessary to disclose the information for this litigation;

14       (b)  the officers, directors, and employees (including House Counsel) of

15   the Receiving Party to whom disclosure is reasonably necessary for this litigation;

16       (c)  Experts (as defined in this Order) of the Receiving Party to whom

17   disclosure is reasonably necessary for this Action and who have signed the

18   "Acknowledgment and Agreement to Be Bound" (Exhibit A);

19       (d)  the Court and its personnel;

20       (e)  court reporters and their staff;

21       (f)  professional jury or trial consultants, mock jurors, and Professional

22   Vendors to whom disclosure is reasonably necessary for this Action and who have

23   signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

24       (g)  the author or recipient of a document containing the information or a

25   custodian or other person who otherwise possessed or knew the information;

26       (h)  during their depositions, witnesses ,and attorneys for witnesses, in the

27   Action to whom disclosure is reasonably necessary provided: (1) the deposing Party

28

1    requests that the witness sign the form attached as Exhibit A hereto; and (2) they

2    will not be permitted to keep any confidential information unless they sign the

3    "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise

4    agreed by the Designating Party or ordered by the court.  Pages of transcribed

5    deposition testimony or exhibits to depositions that reveal Protected Material may

6    be separately bound by the court reporter and may not be disclosed to anyone except

7    as permitted under this Stipulated Protective Order; and

8          (i)  any mediator or settlement officer, and their supporting personnel,

9    mutually agreed upon by any of the Parties engaged in settlement discussions.

10          7.3    Disclosure of "HIGHLY CONFIDENTIAL" Information. Unless

11   otherwise ordered by the Court or permitted in writing by the Designating Party, a

12   Receiving Party may disclose any information or item designated "HIGHLY

13   CONFIDENTIAL" only to:

14          (a)  the Receiving Party's Outside Counsel of Record in this action, as well as

15   employees of said Outside Counsel of Record to whom it is reasonably necessary to

16   disclose the information for this litigation;

17          (b)  House Counsel of the Receiving Party;

18          (c)  Experts (as defined in this Order) of the Receiving Party to whom

19   disclosure is reasonably necessary for this litigation and who have signed the

20   "Acknowledgment and Agreement to Be Bound" (Exhibit A);

21          (d)  the court and its personnel;

22          (e)  court reporters and their staff, professional jury or trial consultants, mock

23   jurors, and Professional Vendors to whom disclosure is reasonably necessary for this

24   litigation and who have signed the "Acknowledgment and Agreement to Be Bound"

25   (Exhibit A);

26

27

28

1   8.   <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED</u>

2   <u>IN OTHER LITIGATION</u>

3        If a Party is served with a subpoena or a court order issued in other litigation

4   that compels disclosure of any information designated in this Action as

5   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," that Party must:

6        (a)  promptly notify in writing the Designating Party.  Such notification

7   will include a copy of the subpoena or court order;

8        (b)  promptly notify in writing the party who caused the subpoena or order

9   to issue in the other litigation that some or all of the material covered by the

10   subpoena or order is subject to this Protective Order.  Such notification will include

11   a copy of this Stipulated Protective Order; and

12        (c)  cooperate with respect to all reasonable procedures sought to be

13   pursued by the Designating Party whose Protected Material may be affected.

14        If the Designating Party timely seeks a protective order, the Party served with

15   the subpoena or court order will not produce any information designated in this

16   action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" before a

17   determination by the court from which the subpoena or order issued, unless the

18   Party has obtained the Designating Party's permission.  The Designating Party will

19   bear the burden and expense of seeking protection in that court of its confidential

20   material and nothing in these provisions should be construed as authorizing or

21   encouraging a Receiving Party in this Action to disobey a lawful directive from

22   another court.

23   9.   <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE</u>

24   <u>PRODUCED IN THIS LITIGATION</u>

25        (a)  The terms of this Order are applicable to information produced by a

26   Non-Party in this Action and designated as "CONFIDENTIAL."  Such information

27   produced by Non-Parties in connection with this litigation is protected by the

28

1    remedies and relief provided by this Order.  Nothing in these provisions should be

2    construed as prohibiting a Non-Party from seeking additional protections.

3            (b)  In the event that a Party is required, by a valid discovery request, to

4    produce a Non-Party's confidential information in its possession, and the Party is

5    subject to an agreement with the Non-Party not to produce the Non-Party's

6    confidential information, then the Party will:

7                (1)  promptly notify in writing the Requesting Party and the Non-Party

8    that some or all of the information requested is subject to a confidentiality

9    agreement with a Non-Party;

10               (2)  promptly provide the Non-Party with a copy of the Stipulated

11   Protective Order in this Action, the relevant discovery request(s), and a reasonably

12   specific description of the information requested; and

13               (3)  make the information requested available for inspection by the

14   Non-Party, if requested.

15           (c)  If the Non-Party fails to seek a protective order from this court within

16   14 days of receiving the notice and accompanying information, the Receiving Party

17   may produce the Non-Party's confidential information responsive to the discovery

18   request.  If the Non-Party timely seeks a protective order, the Receiving Party will

19   not produce any information in its possession or control that is subject to the

20   confidentiality agreement with the Non-Party before a determination by the court.

21   Absent a court order to the contrary, the Non-Party will bear the burden and expense

22   of seeking protection in this court of its Protected Material.

23   10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

24       If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

25   Protected Material to any person or in any circumstance not authorized under this

26   Stipulated Protective Order, the Receiving Party must immediately (a) notify in

27   writing the Designating Party of the unauthorized disclosures, (b) use its best efforts

28

1  to retrieve all unauthorized copies of the Protected Material, (c) inform the person or

2  persons to whom unauthorized disclosures were made of all the terms of this Order,

3  and (d) request such person or persons to execute the "Acknowledgment and

4  Agreement to Be Bound" that is attached hereto as Exhibit A.

5  11.   <u>PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED</u>

6  <u>MATERIAL</u>

7        Pursuant to Federal Rule of Evidence 502, the attorney-client privilege, work

8  product privilege, and any other applicable privileges or protections from disclosure

9  are not waived by disclosure connected with this litigation.

10       If privileged information is disclosed, the Producing Party will notify the

11  Receiving Party in writing.  Upon such notice, all such information and copies thereof,

12  shall be returned to the Producing Party within ten (10) business days, and the

13  Receiving Party shall not use such information for any purpose absent a further order

14  of the Court.  The Receiving Party shall also attempt, in good faith, to retrieve and

15  return or destroy all copies of such documents in electronic format.

16       The Receiving Party may contest the privilege designation by the Producing

17  Party, shall give the Producing Party written notice of the reason for said

18  disagreement, and shall be entitled to retain one copy of the disputed information for

19  use in resolving the dispute.  However, the Receiving Party may not challenge the

20  privilege claim by arguing that the disclosure itself is a waiver of any applicable

21  privilege.  In that instance, the Receiving Party shall, within fifteen (15) business days

22  from the initial notice by the Producing Party, seek an order from the Court

23  compelling the production of the material.  If no such order is sought, upon expiration

24  of the fifteen (15) day period, then all copies of the disputed information shall be

25  returned in accordance with this section.

26       Any analyses, memoranda, or notes which were internally generated based

27  upon the produced information shall immediately be placed in sealed envelopes, and

28

1    shall be destroyed in the event that (a) the Receiving Party does not contest that the

2    information is privileged, or (b) the Court rules that the information is privileged.

3    Such analyses, memoranda, or notes may only be removed from the sealed envelopes

4    and returned to its intended purpose in the event that (a) the Producing Party agrees in

5    writing that the information is not privileged, or (b) the Court rules that the

6    information is not privileged.

7    12.    MISCELLANEOUS

8        12.1   Right to Further Relief.  Nothing in this Order abridges the right of any

9    person to seek its modification by the Court in the future.

10       12.2   Right to Assert Other Objections.  By stipulating to the entry of this

11   Protective Order no Party waives any right it otherwise would have to object to

12   disclosing or producing any information or item on any ground not addressed in this

13   Stipulated Protective Order.  Similarly, no Party waives any right to object on any

14   ground to use in evidence of any of the material covered by this Protective Order.

15       12.3   Filing Protected Material.  Without written permission from the

16   Designating Party or a court order secured after appropriate notice to all interested

17   persons, a Party may not file in the public record in this action any Protected

18   Material.  A Party that seeks to file under seal any Protected Material must comply

19   with Civil Local Rule 79-5.  Protected Material may only be filed under seal

20   pursuant to a court order authorizing the sealing of the specific Protected Material at

21   issue.  If a Party's request to file Protected Material under seal is denied by the court,

22   then the Receiving Party may file the information in the public record unless

23   otherwise instructed by the court.

24   13.    FINAL DISPOSITION

25       Within 90 days after the final disposition of this Action, as defined in

26   paragraph 4, each Receiving Party must undertake commercially reasonable best

27   efforts to either return or destroy all Protected Material and certify to that fact in

28

1    writing to the Producing Party (and, if not the same person or entity, to the

2    Designating Party).  The Receiving Party is not required to return or destroy

3    Protected Material that: (1) is stored on backup storage media made in accordance

4    with regular data backup procedures for disaster recovery purposes; (2) is located in

5    the email archive system or archived electronic files of departed employees; (3) is

6    otherwise stored in electronic systems from which deletion is not feasible or

7    practicable; (4) must be retained pursuant to legal or regulatory retention

8    obligations; or (5) is subject to legal hold obligations; provided, however, that any

9    such Protected Materials remain subject to the terms of this Protective Order as set

10   forth in Section 4 (DURATION).  Additionally, notwithstanding this provision,

11   Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial,

12   deposition, and hearing transcripts, legal memoranda, correspondence, deposition

13   and trial exhibits, expert reports, attorney work product, and consultant and expert

14   work product, even if such materials contain Protected Material.  Any such archival

15   copies that contain or constitute Protected Material remain subject to this Protective

16   Order as set forth in Section 4 (DURATION).  As used in this subdivision, "all

17   Protected Material" includes all copies, abstracts, compilations, summaries, and any

18   other format reproducing or capturing any of the Protected Material.

19   14.    Any willful violation of this Order may be punished by civil or criminal

20   contempt proceedings, financial or evidentiary sanctions, reference to disciplinary

21   authorities, or other appropriate action at the discretion of the Court.

22

23

24

25

26

27

28

1    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2                                        GIANELLI & MORRIS, ALC

3

4    DATED:  December 29, 2023          /s/ Alexandra H. Gianelli
                                        Attorneys for Plaintiff
5                                       ROBERT S. GIANELLI
                                        JOSHUA S. DAVIS
6                                       ALEXANDRA H. GIANELLI
                                        Attorneys for Plaintiff
7                                       JOANN CARBONE

8

9                                        DENTONS US LLP

10

11   DATED:  December 29, 2023          /s/ Sandra D. Hauser
                                        Attorneys for Defendant
12                                      MICHAEL J. DUVALL
                                        SANDRA D. HAUSER
13                                      Attorneys for Defendants
                                        Metropolitan Life Insurance Company and
14                                      Metropolitan Tower Life Insurance
                                        Company
15

16                              **Attestation**

17        I, Alexandra H. Gianelli, attest that all other signatories listed, and on whose

18   behalf this document is submitted, concur in the filing's content and have authorized

19   the filing.

20                                       /s/ Alexandra H. Gianelli

21                                       ALEXANDRA H. GIANELLI

22

23   FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

24

25   DATED:  January 2, 2024             /s/

26                                       HON. CHARLES F. EICK
                                         United States Magistrate Judge

27

28

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [**full name**], of

_____ [**full address**], declare under penalty of perjury

that I have read in its entirety and understand the Stipulated Protective Order that

was issued by the United States District Court for the Central District of California

on _____ [**date**] in the case of *Joann Carbone v. Metropolitan Life Insurance*

*Company, Metropolitan Tower Life Insurance Company*, Case No. 2:23-CV-05948-

AB-E. I agree to comply with and to be bound by all the terms of this Stipulated

Protective Order and I understand and acknowledge that failure to so comply could

expose me to sanctions and punishment in the nature of contempt. I solemnly

promise that I will not disclose in any manner any information or item that is subject

to this Stipulated Protective Order to any person or entity except in strict compliance

with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Central District of California for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action.  I hereby appoint _____ [**full**

**name**] of _____ [**full**

**address and telephone number**] as my California agent for service of process in

connection with this action or any proceedings related to enforcement of this

Stipulated Protective Order.

Date: _____

City and State where signed: _____

Printed name: _____

Signature: _____